IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAUDE LEE OWENS JR.,

        Petitioner,               No. 2:11-cv-2004 KJM EFB P

        vs.

R. HILL,

        Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss this action as untimely.  Dckt. No. 14.  For the following reasons, the undersigned recommends respondent's motion be granted.

**I.    Procedural History**

       Petitioner pled guilty to discharging a firearm at an inhabited dwelling and admitted an enhancement for discharge of a firearm causing great bodily injury.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1, 2.  He received a sentence of 28 years to life. *Id*.  Petitioner appealed his conviction, and on December 5, 2006, the California Court of Appeal, Third Appellate District, affirmed the judgment.  Lodg. Doc. 3.  Petitioner did not seek review in the California Supreme Court.  In May 2006, petitioner began filing state petitions,

1

including eight habeas petitions and a petition for review, challenging various aspects of his trial proceedings.  Lodg. Doc. 4-21.  His last state petition was dismissed by the California Supreme Court on November 10, 2010.

Petitioner also previously filed a federal habeas petition in this court challenging the same conviction.  *See Owens v. Kramer*, No Civ. S-08-1290 FCD EFB.  That petition was filed on June 9, 2008 and was dismissed without prejudice on October 8, 2010.  Petitioner filed the instant petition on July 11, 2011.  In his petition, he alleges that the trial court unlawfully imposed a 25 years to life sentence enhancement.

## II.    Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

////

1       The limitations period may also be equitably tolled where a habeas petitioner establishes

2   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3   circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of the

4   pronouncement in *Pace*, the Ninth Circuit has reiterated that the threshold necessary to trigger

5   equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner

6   shows that despite diligently pursuing his rights, some external force *caused* the untimeliness.

7   *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

8       Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

9   *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v.*

10   *DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065

11   (9th Cir. 2002).

12   **III.   Analysis**

13       **A.   Start Date of the Limitations Period**

14       In this case, the statute of limitations began to run when petitioner's conviction became

15   final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Court of Appeal, Third

16   Appellate District, affirmed petitioner's conviction on December 5, 2006.  Petitioner did not seek

17   review in the California Supreme Court.  The conviction became final within the meaning of

18   section 2244(d)(1)(A) when the time for filing a petition for review expired on January 14, 2007,

19   forty days after the California Court of Appeal filed its decision.  *See* Cal. Ct. R. 8.264(b)(1),

20   8.500(e); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008).  The one-year limitations period

21   commenced running the following day.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.

22   2001).  Thus, petitioner had until January 14, 2008 to file his federal habeas petition.  However,

23   he did not file the instant petition until July 11, 2011.[1]  Absent tolling, his application in this

24

25       [1]  Unless otherwise noted, the court deems the filing date for each of petitioner's habeas
  petitions to be the date reflected on the certificate of service for the respective petitions.  *See*
26   *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on

3

1    court is more than three years late.

2           Petitioner argues that the federal statute of limitations did not commence running at the

3    time his conviction became final on direct review; rather, he contends that the limitations period

4    began to run in June 2010, when petitioner first discovered the factual predicate of his claim.

5    Dckt. No. 16 at 5-6;[2] *see* 28 U.S.C. § 2244(d)(1)(D).  Petitioner claims that it was not until he

6    read the holding in *People v. Botello*, 183 Cal. App. 4th 1014 (2010), in June of 2010 "that [he]

7    discovered that his 25 years to life sentence enhancement was unauthorized."  Dckt. No. 6 at 5-6.

8    Section 2244(d)(1)(D) provides that the limitation period for filing a federal habeas petition runs

9    from "the date on which the factual predicate of the claim or claims presented could have been

10   discovered through the exercise of due diligence."  However, the "factual predicate" of a claim is

11   discovered "when the prisoner knows (or through diligence could discover) the important facts,

12   not when the prisoner recognizes their legal significance."  *Hasan v. Galaza*, 254 F.3d 1150,

13   1154 n.3 (9th Cir. 2001).  Petitioner was aware of the facts surrounding the imposition of his

14   sentence enhancement at the time he pled guilty.  His failure to understand their legal

15   significance until June 2010 does not entitle him to the statute of limitations start date under

16   section 2244(d)(1)(D).

17          **B.      Tolling**

18          Petitioner's first state habeas petition was filed in the California Superior Court for the

19   County of Sacramento on May 23, 2006, and was denied on July 28, 2006.  Lodg. Docs. 4, 5.

20   This petition provided no tolling as it was denied prior to the commencement of the limitation

21   period.  *See Waldrip*, 548 F.3d at 735 (where state habeas petition was filed and denied before

22   the limitation period commenced running, "it had no effect on the timeliness of the ultimate

23

24   the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.d 809,
     814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

25          [2]  The page numbers cited herein refer to those assigned by the court's electronic
26   docketing system and not those assigned by the parties.

1  federal filing.").

2          Petitioner filed a second state habeas petition, this time in the California Supreme Court,

3  on August 17, 2006.[3]  Lodg. Doc. 6.  That petition was denied on February 7, 2007.  Lodg. Doc.

4  7.  Since the petition was pending when the limitations period commenced, it only tolled the

5  limitation period from the commencement of the limitation period until the conclusion of that

6  petition on February 7, 2007.  Thus, the second state petition provides 24 days of tolling,

7  extending the federal filing date to February 7, 2008.

8          Petitioner's third state petition was filed in the California Superior Court for the County

9  of Sacramento on August 8, 2008.  Petitioner is not entitled to statutory tolling for the interval

10  time between the second and third petition, nor does he receive tolling during the time the third

11  petition was being considered by the court, because his third state petition was not "properly

12  filed" within the meaning of 28 U.S.C. § 2244(d)(2).  Under 28 U.S.C. § 2244(d)(2), a petition is

13  not considered properly filed where it is untimely or successive.  *See Pace*, 544 U.S. at 417

14  (holding that an untimely petition is not properly filed under 28 U.S.C. 2244(d)(2)); *In re Clark*,

15  5 Cal. 4th 750, 770 (1993) ("A successive petition presenting additional claims that could have

16  been presented in an earlier attack on the judgment is, of necessity, a delayed petition."); *Porter*

17  *v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round,

18  the petition cannot be untimely or an improper successive petition."); *Chance v. Martell*, No. 11-

19  0562 GEB KJN P, 2012 WL 1229148 at *4-5  (E.D. Cal.  April 10, 2012) (finding that a

20  successive petition was not properly filed and therefore did not afford statutory tolling).

21          In denying the third state petition, the California Superior Court explicitly stated that it

22  refused to consider the petition because it was successive.  Lodg. Doc. 9.  Since the third petition

23  was not properly filed, petitioner is not entitled to tolling before and during the time that petition

24  was before the California Superior Court.  *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir.

25

26          [3]  This petition does not contain a proof of service or a signature date.  As such, the filing
    date is the date on which the petition was received by the court.

2005) ("[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of the petition is statutorily tolled.").

Petitioner's remaining petitions were all filed after February 7, 2008, the date the federal limitations period expired, and therefore these petitions do not provide a basis for tolling the limitations period.  Lodg. Doc. 10-22; *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").  Although the limitation period ended February 7, 2008, petitioner did not file the instant petition until July 11, 2011, more than three years after the limitations period had expired.

Petitioner contends, however, that his petition is not untimely because 1) an unauthorized sentence can be corrected at any time, 2) he is entitled to equitable tolling, and 3) failure to entertain his petition would result in a miscarriage of justice.

Petitioner first argues that his petition is not time barred because his sentence can be corrected at any time under California Law.  Dckt. No. 16 at 2.  Petitioner's contention, even if true under California law, does not affect the application of the federal statute of limitations, which is governed by the time requirement set forth in 28 U.S.C. 2244(d)(1).

Petitioner also argues that the statute of limitations should be equitably tolled until June 2010, when he read *Batello* and discovered that his rights had been violated.  Dckt. No. 16 at 7.  This argument is also without merit.  Lack of legal knowledge does not constitute an "extraordinary circumstance" warranting equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").  Accordingly, petitioner's failure to realize before June 2010 that the trial court inappropriately applied the sentence enhancement does not serve as a basis for tolling the limitation period.

In his opposition, petitioner also mentions that he can show "cause and prejudice" and that failure to entertain his petition would result in a "fundamental miscarriage of justice."  Dckt.

6

No. 16 at 2-4.  These arguments may have been relevant if respondent had moved to dismiss the instant petition based on procedural default.  Respondent, however, moves to dismiss petitioner's federal petition on the ground that it is untimely.

**IV.     Conclusion**

Because petitioner filed the instant petition beyond the time period provided by 28 U.S.C. § 2244(d), it is hereby RECOMMENDED that:

1.  Respondent's December 5, 2011 motion to dismiss be granted; and

2.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:   June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE